IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KENNETH WELCH,

                Petitioner

VS.

TONY HENDERSON,

                Respondent

**NO. 5:07-CV-162 (CAR)**

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is respondent TONY HENDERSON's MOTION TO DISMISS the above-styled habeas corpus action which alleges that petitioner KENNETH WELCH is barred from filing the petition by the one year limitations period set forth in 28 U.S.C. §2244(d). Tab #8. Petitioner Welch has responded to the respondent's motion. Tab #12.

Section 2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

The respondent has shown that on May 27, 2003, petitioner Welch pled guilty to homicide by vehicle, two counts of serious injury by vehicle, hit and run, and DUI. Pursuant to O.C.G.A. §5-6-38, Welch's conviction became final thirty days after he pled guilty, or June 26, 2003. Welch did not pursue a direct appeal and, in fact, did not challenge his conviction at all until filing a MOTION TO WITHDRAW GUILTY PLEA AND SUPPLEMENT RECORD and MOTION FOR OUT-OF-TIME APPEAL on February 11, 2005,[1] more than eighteen months after his conviction became final.

Welch's argument that the state has waived the procedural requirements of §2244 because they have not asserted it until this federal hearing is completely without merit. This is the petitioner's first venture into federal court, and the §2244 limitations period is not applicable to state court proceedings.

Accordingly, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS be **GRANTED** and that the instant petition be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties my serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 23rd day of JANUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] It is questionable whether the petitioner's filing of these motions would toll the §2244 limitations period, but because they were filed well after the one year limitations period, there is no need to examine that issue.